Pastora v. Holder, and Mr. Heroy, whenever you're ready, we'll hear from you. Good morning, and may it please the court. My name is Rob Heroy. I represent the 71-year-old farmer from El Salvador who spent the last 24 years in the United States. The government's seeking to deport him based on the application of the persecutor bar, based on actions that occurred in El Salvador approximately 25 years ago. And Mr. Pastora viewed these actions as his service to his community as terroristic guerrilla, and more like guerrillas, were cases a simple one because of a few logical leaps that occurred early in the proceedings that have pervaded throughout. And as a result... One leap is clear. He made that statement that he was in that civil patrol unit. He was a commandant of that unit in his hometown. That's clear. He made that. And then part of where it in order for this to occur. I mean, how much proof is necessary there? And it appears to be rather minimal, doesn't it? Your Honor, that's one of the big... The documents are in, and of course, counsel there. I don't know if you were the counsel there or not. I was not, Your Honor. Didn't object, except to one little small part to it, and then you look at those documents there, and again, the quantum of proof is rather minimal that's necessary to shift things there, and once you get there, you've got a difficult case, don't you? Yes, once we get there. My contention is we don't get there. Yeah, already with that statement he made. I mean, you can't ignore he made that statement, and then he's got the other statements, regardless whether they're there, but he's made this statement, he's a commandant of this unit. The question then becomes, what is the character of that type of operation he was in, and you've got those documents there. And I agree with you completely there, that that's more or less for the crux of the argument lies in this case. Why doesn't that take you there, which means... Why doesn't it take me over the edge and shift the burden to myself? I understand you've got to make an argument, but it sounds like that's... I mean, from these cases, I mean, the law here is different in terms of how we look at them, and it looks like that really... Go to that. I mean, if you can explain it, maybe deal with that. Absolutely, Your Honor. The cases which Your Honor may be referring to, I think, are Higawitt v. Gonzales, which is a Fourth Circuit case to address the issue, and I think another very relevant case is Matter of Age, which was cited extensively in the... I want you to deal with the record first, and the question that was asked, which is, is there enough evidence that the government has in this case to push the burden onto you? No, Your Honor, there's not, because there needs to be actually some acts. The regulation states that the alien must either assist, order, incite, or otherwise engage in some sort of persecution in order for the persecutor bar to be triggered, and when we look at what the evidence indicates, which is a standard that's not common parlance in the legal jargon we normally apply, we can look to Matter of Age, which was an Attorney General decision, which, as the Court's aware, is entitled to, if not chevron deference, at least substantial deference. In that case, the Attorney General equates the evidence indicates to presenting a prima facie case. Presenting a prima facie case indicates that the government must put on some evidence that shows some sort of act on the part of the petitioner. That quantum is very low, and I'm thinking of a case I just sent in on, the Bajorana case, and that was a case where the guy basically, he was in his house, and all these rebels come in or whatever, and they just make him do all this stuff, and they stay there, and ultimately, we held my dissent that, you know, he did some assisting, even though he was forced to gunpoint to do all that stuff, and so this is a different case, but when I think about it in the context of that kind of a policy of what's going on here, there seems to be a lot more here. I mean, you've got these documents that's saying this is what these people do, and he says I'm a commandant in that unit. I mean, granted, he may be able to come forth and give some actual proof that maybe he wasn't even there or something like that, but his testimony is inconsistent on that point, and we're left with what has occurred here. Why is this evidence not sufficient? I mean, you may well feel that, you know, maybe overall it just doesn't sound like it's fair, but that's not the world we're in in this area of the law here. In Bajorana, there were a couple acts which could be constituted as affirmative acts. One of them is in Bajorana that the alien in that case showed some sort of shortcuts to the guerrillas to move from town to town. Well, that was really disputed. I don't want to get into Bajorana because I was on the other side of that. There's not much in Bajorana there, and I think it can be read very broadly, but here is a whole different matter. You've got these documents that you let in, and there is that information there. There's something here that affirmatively says this is what this unit does, these people do, and he says I'm a commandant. Even if we take those documents at their full weight, let's say we rule fully against petitioner on those documents, the documents say everything they purport to say, the government still loses on that basis. There are two reasons why. First, if you look carefully at those documents, what we need to establish is what groups was the petitioner a part of, what group was he potentially a commandant in. First, he served in the La Reina Civil Defense Group, which is a city within the Department of San Miguel. From what I gather, a department is akin to a state in El Salvador. Secondly, there is the Sonsanate. He served in the Civil Patrol in the city of Sonsanate. Now, the reports that were passed on by the government addressed the Department of San Miguel, of which La Reina is a city, and the Department of Sonsanate, of which Sonsanate is in fact a city. Now, if you look at those documents in the first group, the documents from San Miguel, there is not a single mention of the La Reina group, and there's no evidence to tie Mr. Pastor to a statewide civil patrol just within the city or the colony, I believe this is also referred to. There's nothing within that whatsoever, and there needs to be something shown to present a prima facie case, anything whatsoever. If he brandishes a sword to a guerrilla, that's an act, but we don't have that. Secondly, when we look at the Sonsanate groups, there are a couple that were individual to the city of Sonsanate. I believe it's six with specificity. You said the guerrillas were looking for him and had issued a death threat against him. What does that arise out of? Your Honor, we're at best left to speculate there, and while I understand that in certain instances speculation should count against the petitioner, in this case the initial burden is on the government and all we have is speculation to go on. There's a second part of this argument as well. When we look back at those seven instances within El Salvador Tribunal of Civil Defense, they're listed as either captures or disappearances, nothing to indicate that they're out of the ordinary course of business within a civil war, as opposed to some sort of conduct that rises above and beyond what's necessary that triggers persecution. And so the courts and I believe the immigration judge cited this as well. It was on page 90 of the administrative record. The immigration judge addressed how being just a member of a group that's engaged in acts of persecution is not sufficient. You need some sort of actual act to tie the petitioner to the persecution, otherwise they don't meet the prima facie case. Is there a difference between being a member of a group and being a leader? There is, Your Honor, and that is a fine line. I believe Matter of A.H., which was an attorney general opinion, the alien A.H. was a member of a violent Islamist group which unquestionably committed acts of persecution. Now the case, he was also alleged to have been a leader in that movement and done some actual commands or published some sort of literature that incited actual violence. So he incited acts which were considered persecution. And so being a leader can be relevant in that determination, but you still have to meet the threshold of showing that there was some act of persecution which he encouraged. And we don't have any actual acts of persecution that are attributed to the group within Sonsenate, the civil defense group. Now whether or not there may have been some violence in Sonsenate, the second hurdle the government has to overcome is show that these were on account of some sort of political belief, racial, national origin, that sort of thing. When you look at the evidence submitted by the government, we don't see that there was any act of persecution committed on account of a protected ground within those documents. You see seven captures, or it may be six, or disappearances which were attributed to the Sonsenate city civil defense group. Now just because there's a capture or disappearance does not indicate it was an act of persecution. If you look at those documents, you don't even see that those are necessarily rebels or not. Most of them say rebel, I'm sorry, not rebel, that would be the opposite. Most of them say rural workers or students or something along those lines. That in and of itself- Why would he say that he was fearful of the guerrillas and that there was a death threat from the guerrillas? Doesn't that indicate the type of, the character of the violence that was involved? I mean, the reason for it, the protected group? Well, the other assertion there, your honor, is that if he is the leader of, one of the leaders among the civil defense group, then that's going to make him a target for violence in a legitimate civil war. It doesn't mean, and there's no basis for saying that he committed some atrocity or he ordered some atrocity and for that basis the guerrillas are out to get him. It could just be he's a higher ranking member within the group, which puts a target on his head. Couldn't a person who sits in the office the whole time and runs the operation but doesn't lift a sword, couldn't he be a persecutor? Absolutely, your honor. That was Higawit B. Gonzalez, a case that this court decided in 2006. The level, the threshold here is pretty low and it's just evidence that indicates, that may indicate the fact. And if those facts are accurate or true, and they did have a hard time getting to the real facts in this case. When he asked for asylum, he talked about being the commandant of the guerrillas and so forth. Later on, he sort of disavows that type of testimony. But still, the question I think is whether the government has come forward with enough to have him explain everything. And that's where we are in this case because once the burden has shifted, your case is pretty thin, I think, isn't it? I think you're absolutely correct, your honor. However, there still needs to be... It doesn't take much to shift it. That's what Judge Couch was getting at. And that whole language that Judge Niemeyer was saying that may apply. He started the argument saying, well, you didn't show enough. You didn't show he actually assisted. I'm not sure that's – I'm pretty certain that's not what's required. That language is pretty light. All you've got to do is show it may apply. And it seems as though in your statement you've already indicated it might could apply, which in the normal – in other cases, it wouldn't be enough to do very much. But here, the language is pretty clear in the statute. It says it may apply. And that's all you have. All it does is shift the burden. Now you've got the burden. Now it's on you to say it does not apply. My contention is in order to get to might could, there still needs to be something. There needs to be... What do you do with the 1983 Amnesty International report that concluded the killings of noncombatants were carried out by such groups as the civil defense patrols? And there's a whole slew of publications that suggest that. Yes, it states that in that war a number of atrocities were committed by civil defense groups. However, we don't get to the particular civil defense group with which the petitioner in this case was a part of. But we do know it may apply because he said he was a combatant in one of them. Yes, Your Honor. It might. It may. So now that it may apply, he needs to come forward and say, oh, no, it does not because... There was a murder last night in Richmond. Still unsolved. I was in Richmond last night. It may be that I'm the murderer. We need a little bit more. I think we need to look at the Attorney General's guidance there and say a prima facie case... You're not advancing that analogy, are you? No, Your Honor. Only to a certain degree. But the second point is the way the government... That's not the case here. That's not what you mean. And I know it's not. You're in a different world than a murderer in Richmond, and you just happen to be in Richmond. This is not there were some murders in this country and he happened to be there. He makes a statement, I'm a commodore in one of these units here. And then you've got all these documents that says, well, these units, a whole slew of them, they're torturing, doing all kinds of things to people. They're violating. And he's in one of those units. So now we've got... All we need is May. That's all we need. And so the end result comes in, oh, it may apply. So now you come forward and tell us why it does not apply. We still have not shown that he was in one of those units. And if I could backtrack a little. I don't think you have to. I think if you show you've got a bunch of units and he's in a unit of one of them, and, of course, I don't know what the association with those units, whatever goes on. A lot of these guys flow probably back and forth the whole bit. But that's not a burden that is put on the government. I mean, this statute has been written to really lower that threshold down to the ground on this thing. That's why the May is there. And it doesn't mean it's the end of the game. It just means, okay, now we've got this. It may apply. Show us why it does not apply. Well, we're whittling down the May to the point where the government can just say, well, we think the prosecutor should apply. When you get to the point where the burden shifts to you, you're saying you did not come forth to be able to show it does not apply. And I disagree with that, Your Honor. It's not that the petitioner necessarily has to put forth evidence to show it does not apply. But it's on us to show that the evidence indicates, by preponderance of the evidence, that it does not apply. And given that the government has not been able to do that after, if the burden was on you, did you do that? I don't like to look at it the way Your Honor is pointing it out and that I affirmatively put forth evidence. But I'm trying to understand, please, if this applies. Because it sounds like it's kind of unfair. But on the other hand, it's not the end of the ballgame. It's a difficult ballgame because now you've got this may apply. But you still have to come back with something. And I'm only asking, if it does apply, do you further argue that he met his burden of showing by preponderance of evidence that it doesn't? Yes, Your Honor. We're essentially being asked to prove a negative at that point, I think, that he did not engage in persecution. But when you look at the evidence as a whole and the record, we still don't have any specific act that's been advanced by the government which ties him to persecution. And so while I think that means the government didn't make a prima facie case, for the sake of argument, let's just say that's enough for a prima facie case. We still don't have any evidence of any particular act that he committed or he ordered the group with which he was involved to commit. What do you do with the credibility determination by the immigration judge which the board affirmed in its entirety? I'm willing to concede that point, Your Honor. I understand it's a very uphill battle to undo an immigration judge's credibility determination. However, my point is even if we rule the credibility determination against Petitioner, we responded before, and we take the El Rescate documents at their weight as the government intends, then we still don't have any specific act. And I think that's the hook there, that there's an act to tie the Petitioner to any particular act. Thank you. Okay. Thank you. You do have some rebuttal left. Ms. Igoi? You ought to correct my pronunciation. Igoi. Good morning. My name is Allison Igoi. I'm with the Office of Immigration Litigation, the National Security Division. With me at the table is Christopher Fuller who is the Deputy Director of the National Security Unit. Is this a simple case? I think this is a very simple case, Your Honor. This is a question of who has what burden. It's very clear in immigration cases that the government has the burden to prove that an alien is subject to removal. There was no question in this case because the Petitioner here conceded  The burden then shifts when there is an application for relief to the applicant to prove eligibility, and the burden stays there. There has been discussion about a shifting burden, but there really is not a shift of burden here. The burden is on a Petitioner who is applying for relief, and it remains on him to prove that he is eligible. But doesn't the scheme provide that the government has to provide some evidence that indicates that the fact may be that he's a persecutor? No, I disagree with that, Your Honor. I do because what the regulation says is 8 CFR Section 1240.8D specifically addresses the burden for relief, and it says that a Petitioner has a burden to prove eligibility for relief. If evidence indicates, it does not say that the government has to put the evidence in. It merely says if evidence indicates that one of the mandatory bars applies, the Petitioner, or it doesn't say Petitioner, the alien has or the applicant has the burden by the preponderance of the evidence to prove it does not apply. So what happens is, and the reason for that regulation is that, you know, as So just stay into that for a second. If the government puts in no evidence and just stands up and says we think he was a persecutor or says nothing, what happens then? If there is evidence in the record. No, he said no evidence. No evidence. If the government puts in. You're saying the government doesn't have to put in anything. That's exactly correct because if, in fact, which has happened in some cases, for instance, in a matter of Higwood, Higwood v. Holder, which was decided by this Court recently. In that case, the Petitioner himself testified that he was a member of the military intelligence, that he had gathered intelligence, and that that intelligence was used to arrest and to persecute opponents. And it was in that case, it was the Petitioner's own statements that were the indication that he had assisted in persecution. He's got to make some statements in order to try to get relief in the first instance. So you kind of, it's not the normal case or what I would say the criminal case where he doesn't have to say anything. There's already something out there. He's got a statement, as he did in this instance, saying I was a commandant that's already in the record. And you kind of got some evidence. Well, that's correct. There's more than enough evidence. I would say it's more than an indication that he, the immigration judge, you know, looked at all of his statements. This gentleman started out by applying for asylum, and in his asylum application he said that he was a commandant and he said that he was persecuted by the guerrillas without mercy. I don't understand. Why is it necessary to go through this? Because I think you're right on the statute. If evidence indicates, doesn't say established, indicates that he's already watered it down, and then it throws in to say may apply, that is really, really not much. And you, I mean, here on the face it is, he's made this statement, I was a commandant in one of those units there. You don't know the particular one, but then you've got this U.N. statement which sort of lumps all these groups. And it gives evidence that seems to indicate and may, which wouldn't be enough in a criminal case, wouldn't be much enough in a whole lot of proceedings, but here that statute says it is. And all it does is shift the burden. But again, I take issue with the shifting of the burden. The burden was on the petitioner to prove his eligibility. Because there was evidence. In other words, he has the burden of obtaining relief. Exactly. And he can't obtain relief if certain conditions are obtained. Exactly. Now, the question is, does he have to put in evidence to deny each of those? Or it seems to me what the reg is suggesting is that if evidence surfaces, if evidence indicates, and it doesn't require you to put it in, but it also doesn't require him to put it in. That is exactly correct, Your Honor. One of the issues is that there are some preliminary steps that an applicant for Nicara relief, which is what he applied for eventually, has to go through, the time in the country when he entered, whether he filed an asylum application, and whether he remained in the country. Then there are mandatory bars. And one of the reasons for this regulation is that without that evidence indicating that one of these would apply, as the petitioner said, he would have to go and prove the negative. This one, I was not an ag fella, I wasn't this, I wasn't that. So the regulation says that after you have proved the statutory elements, if there's evidence indicating that any of these mandatory bars apply, then you have to prove that that bar does not apply and you must do so by a preponderance of the evidence. Your point is there just has to be evidence in the record that indicates that one of the exceptions is an issue. Yes. May be an issue. May be an issue. May be an issue, that the evidence indicates. And I think that may be an issue is a very good way of putting it. And I think the court recognized that. It didn't say so explicitly, but recognized it in both Higwitt and Salem. When the court said that the government has a burden to prove removal, and once the government has proved removal, the burden shifts to the applicant to prove eligibility for relief. And that's the case we have here. If he states the gateway facts and then there's no other evidence indicating exceptions apply, he could get relief then? He would have gotten relief because the immigration judge found that he was otherwise eligible, but there was evidence to indicate it. And had there been nothing in the record that indicated, he would have gotten relief. And your argument is that at that point, he carries the burden of eliminating that possibility. That's exactly my point. That's why you started out and said, oh, no, it's always on him. And that's what I'm saying. If the judge finds that under NACARA, he's met the statutory requirement including extreme hardship, and then there's this persecutor bar, the bar doesn't come up unless somebody has put some evidence to say there's a persecutor bar if some evidence, and Judge Niemeyer has indicated the government puts it in, but I'm not sure the government has to in this type of case. It just has to be in the record. It's in the record. So you've got to find this evidence in the record to show that it may apply before he then has to come back and prove it does not apply, that negative. You're correct. Absolutely, Your Honor, you're correct in that. The reason that I take issue with the shifting of the burden is because, generally, that particular language is used for shifting it between the parties. And I just mean that when I say it doesn't shift, it doesn't shift back to the government to prove. If his own statements, as it happened in Higwood, if his own statements indicate that one of these bars apply, then the burden is with him to prove by a preponderance of the evidence that it didn't. Perhaps he has gained it and you could say that it shifts back to him, but my point is it's never on the government to put in the evidence. If the evidence is in the record and it indicates a bar applies, then the burden remains on the applicant. The government is free to alert the immigration authorities that one of the bars may apply. If he puts in a gateway fax and then there's no other evidence with respect to a bar, but you have some evidence to indicate there may be a persecutor problem, you're going to have to raise it up by putting something in. Otherwise, he's going to get relief. Absolutely, absolutely, Your Honor. The government is free to put in. For instance, if there were a mandatory bar based on a conviction, the government could put in a record of conviction. But my point is that the petitioner here has been emphasizing that the government didn't meet the burden, the government didn't meet the burden, and my point is that the government didn't have the burden. If this record shows on its face evidence to indicate that the bar applied, then it was his burden to show it did not. And the problem was the immigration judge recognized that he could have done that with credible testimony, but that he was so incredible that he did not meet the burden. So I think it would be very useful for this court to look at that regulation and to articulate and clarify that the burden is always on the petitioner, always on the applicant to prove, and that the evidence, no matter where the evidence comes from. I mean, he has to come in affirmatively, claim the relief, and establish the gateway facts. That's true for any relief that an applicant asks for, whether it's asylum, withholding. Gateway facts, there are some bars, and the bar evidence, any evidence coming into the record from the government or from him can indicate, can make one of the bars an issue. That's exactly correct. It raises the issue that it may apply. And then he carries the burden on that, as you argue. Exactly. And as Judge Wynn said, it's a very, very light burden. It only has to indicate, and it only has to, it may apply. And then it's his burden to show that it does not. Well, I'm still mulling how to sort of phrase where you're going. I understand where you want to go with this in terms of this persecuted bar and any other bars. In other words, it just exists. Nobody had to prove it. It just shows up, and he's then got to come forth then. But, you know, in the process, it's almost a notice sort of thing. It may exist. No one ever mentions it. I mean, I don't know what you do with that. I mean, so that's where you kind of get into the little business about shifting the burden. I don't think it's that big of a deal, the question of the burden. Maybe it is in the immigration world. But the bottom line is that the evidence here, when we look at what's in the record, is enough to indicate from your perspective that it may apply, and that in and of itself then triggers it, regardless of whether you mention who's the burden on, but it does then give a responsibility as part of proving this overall case that it does not apply. That's exactly correct. However, I think it would be useful for the court to clarify, you know, how the application for relief works and where the burden is and the question of the evidence, where the evidence has to come from, because the petitioner in this case is arguing that the government did not prove and therefore he was scot-free. And that is not what the regulation says. I get what he's arguing, but that's not what's being articulated. He's arguing that point. It's different. But what's here, whether you have to prove it or not, it's still, I mean, it's not a big deal, it seems like to me. You just have to show the evidence to indicate. Somebody, something has to show that. I don't know if it's the government, the ILJ, or the record. There's not a representative here. So something has to be in that record. Somebody has to put it in that record for it to be there, and it seems like if you're going to put it there and say, well, persecutor bar applies, somebody ought to say it. Even if you don't have to do anything more to say it applies. But I don't think you should just sit there and go and then at the end of it say persecutor bar applies without having mentioned it at all before it comes to the conclusion. From his point of view, and this is just a little follow-up on Judge Wynn's question, from his point of view, he's saying after I prove the gateway facts, I get relief unless one of the bars apply. And I don't have to go down and address the bars automatically, all of them, to prove the negatives. That's his position. So the question is now what triggers inquiry into one of the bars? But he has also argued that these documents that are in the record, that the government did not prove a prima facie case, and what I'm saying is that we did not have to. It's not on the government, and I think it's useful going forward for future cases to understand that it's not the government's burden to do that. But it wouldn't be good enough for you to stand in front of the immigration judge and say this alien has proved all of the gateway things, but he has not addressed the bars. I suggest that you make him prove each of the bars because I think maybe one of them applies. No, and you're right, Your Honor, that would be very difficult, and that's not my position. That's why the regulation is written that if evidence indicates, so that I cannot stand up and say prove that bar doesn't apply, prove that bar doesn't apply. But what I can do is I can say, Your Honor, he has here in the record, whether he put it in or I put it in, here in the record is his testimony. He was interviewed. How about if it's not in the record, but you know of its existence? Well, then I would put it into the record. And the burden would be for you to put it in the record to raise the issue because if it's not in the record, the issue's not there. That's absolutely correct. It's a trigger. But for purposes of deciding in terms of, you know, legally, it's not the burden is not on the government. If the evidence is not there, then yes, I certainly. The court would be very cautious about imposing on you a burden of proof as we notice in that trial. That's exactly what I mean. Minimal of burdens. All you've got to do is put in evidence that indicates and it may apply. If you don't want that burden, you want it to just look at it as it is there and make him then do something without making that determination. You can either put it in or you can rely on the existing record that he made. That's exactly right. And it's not that I don't want the burden. I believe I don't have the burden. I believe by statute and by regulation I don't have it. No, but if you want the prosecutor to apply, the bar to apply, he's not going to indict himself. So he puts on the gateway stuff. There's nothing in the record to indicate otherwise. He gets relief. That's exactly correct. And you're sitting over in your chair. You say, oh, I want that prosecutor bar to apply. And then the judge reads your mind and he says, well, why? And then you have to say. And then I will come in and put in the evidence. I have the option of putting in evidence. If the evidence is not already in the record, I have the option of putting the evidence in so that it will indicate. I can submit it and point to it and say this evidence indicates a mandatory bar. And then he will have to prove by a preponderance of the evidence that it does not. Isn't it a little tricky to articulate all that? It is tricky, and that's why I think it would be very helpful for the court to clarify it. Well, if you want it done, how about articulate the process? If you want that result out of this court, won't you articulate the process for it? Well, I think that the court has done it in both Higwood and Salem by saying that once the government proves by a preponderance of the evidence that the alien is removable, the burden shifts to the applicant for relief, and it is his burden in both those cases. You didn't specifically address the language to prove eligibility. And eligibility for relief includes proving that a mandatory bar to that relief does not apply, except the court in those two cases didn't specifically. You agreed that in the absence of evidence with respect to the bar, he gets relief. Yes. Which means he doesn't have the burden of addressing the bars. In other words, if there's no evidence one way or the other on any of the bars, then he gets the benefit. He gets the benefit as long as he has proved the gateway eligibility. Okay, I think we understand your position. Thank you very much. All right, Mr. Heroy. Thank you, Your Honor. Hopefully I'm not here to beat a dead horse, but I think that the government is failing to give proper deference to the Attorney General opinion in matter of AAH in which the Attorney General equated the evidence indicates with presenting a sufficient prima facie case to get there. Yeah, but the word prima facie or prima facie, however you pronounce it, but the word prima facie is nothing more than the first manifestation of what's required. We still have to define what makes them a prima facie case. And the question is I think the government agrees that in the absence of any evidence in the record, you get the benefit of the gateway proof and you get relief. If there is an issue to be raised, the government can do one of two things. It can point to evidence in the record or it can introduce its own. But somebody has to raise the issue, and certainly you're not going to raise the issue of a bar in the absence of evidence. And I don't think you have the burden of proving the absence of all those things unless somebody points to or introduces some evidence to indicate that there may be applicability. And I don't know if you call that a burden or you call that opening the issue or whatever. In order to open the issue of a bar, there has to be some evidence either introduced or in the record, right? Yes, Your Honor. And where is that done, a petition for removal, which triggers the process? Yes, Your Honor. I assume that it would be raised either within the interview at the asylum interview or it would come up in the immigration court. Or it's a NACARA relief. You're asking for NACARA relief. Yes, Your Honor. When you put that in, that's when it comes up, right? Yes, Your Honor, but I think we still need to address that the government needs to at least put on evidence of each element if we're going to get to establishing a prima facie case, even if it's the weakest possible evidence. Well, assuming you're removable, because that's why you're asking for the NACARA relief, right? Yes, Your Honor, but I think within the context of immigration court hearings, the language of the mandatory bar provision states that the government at least needs to present evidence to indicate that it applies, and that's where the prima facie standard comes in. Does it say that or does it say if there is evidence? It's sort of in the passive, isn't it? It doesn't tell who has to do it and put it in? It may say if the evidence indicates, Your Honor. I only have 30 seconds. I don't want to spend time shuffling through notes here. Secondly, Your Honor, I think the big issue that came up, which put us where we are, is the immigration judge actually stated the evidence presented by the government was insufficient for them to meet their burden as far as showing that a persecutor bar applies. However, the immigration judge, and this is in page 90 of the administrative record, page 3, the judge goes on to note that he doesn't believe the petitioner's denial of his involvement, and so the immigration judge essentially stacks a disbelief of a denial and uses that as substantive evidence to say that we now have a preponderance of the evidence for the government, whereas a disbelief of a denial is not actually evidence at all. No, it's not evidence at all, but there is evidence in the record. Whether it indicates or not is the argument, but there is evidence in the record on the persecutor bar. I understand that there is some documents that have been submitted in the record, I suppose. I'm not saying it indicates, I'm just saying it at least raises the issue, doesn't it? No, it does, Your Honor, but I still think there's a fundamental mistake in logic where the immigration judge says, well, the evidence they presented isn't enough, but the fact that I don't believe the petitioner, when you add that to the evidence isn't enough, that doesn't get us over the hurdle where taking evidence which is insufficient and then evidence which is really a want of evidence or evidence which is not substantial evidence and stacking those things to say we're there. I mean, if you put in a gateway evidence and then when he's all done he says, incidentally, Judge, I'm not a persecutor and that persecutor bar doesn't apply. And the judge says, I don't believe you. You haven't been credible on any other issue, I don't believe you. That's not enough because there's no evidence to indicate. He has issued a denial which the court finds incredible, but in order for the court to bring that issue into play, there has to be some evidence that indicates that the bar may apply. That's your point, I think. Yes, Your Honor. Maybe. Thank you. We'll come down and greet counsel. Thank you, Your Honor. Do you want to go on to the next? Yes, Your Honor.
judges: Paul V. Niemeyer, James A. Wynn Jr., Henry F. Floyd